

| | | |
|---|---|---|
| **PORTLAND MAIN OFFICE**<br>1000 SW Third Avenue, Suite 600<br>Portland, Oregon 97204<br>(503) 727-1000<br>*www.usdoj.gov/usao/or* | **U.S. DEPARTMENT OF JUSTICE**<br>United States Attorney's Office<br>District of Oregon<br>Natalie K. Wight<br>United States Attorney | **EUGENE BRANCH**<br>405 E 8th Avenue, Suite 2400<br>Eugene, Oregon 97401<br>(541) 465-6771 |
| Scott M. Kerin<br>Assistant U.S. Attorney<br>Scott.Kerin@usdoj.gov<br>(503) 727-1000<br>*Reply to Portland Office* | | **MEDFORD BRANCH**<br>310 West Sixth Street<br>Medford, Oregon 97501<br>(541) 776-3564 |

August 22, 2023

Adam L. Dean
Attorney at Law
111 S.W. Columbia Street, Suite 1010
Portland, OR 97201

      Re:    *United States v. James Dunn, Jr.*, Case No. 3:22-cr-382-MO
             Plea Offer

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to **Count 1** of the Indictment which charges him with **Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl,** in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

3.    **Penalties**: The maximum sentence the Court may impose is a term of life imprisonment, fine of $10,000,000, and at least five years of supervised release. There is a potential mandatory minimum sentence of ten years' imprisonment. There is also a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Dismissal/No Prosecution**: There are no charges to be dismissed. The USAO further agrees not to bring additional charges against the defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

*U.S. v. Dunn, Jr.*, Case No. 3:22-cr-382-MO
Plea Agreement Letter
Page 2

5. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior qualifying felony drug convictions.

6. **Elements and Factual Basis**: In order for defendant to be found guilty of **Count 1** of the Indictment, the government must prove the following elements beyond a reasonable doubt:

   A. First, that beginning on or about September 23, 2021, the exact date being unknown, and continuing through October 12, 2022, within the District of Oregon, the defendant, and other persons whose identities are known and unknown, did knowingly and willfully combine, conspire, confederate, and agree to distribute and possess with the intent to distribute 400 grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance; and,

   B. Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant agrees that he has committed each of the elements of the crime to which defendant is pleading guilty, admits there is a factual basis for defendant's guilty plea, and that the government could prove the elements true beyond a reasonable doubt at trial.

The defendant admits that beginning on or about September 23, 2021, the exact date being unknown, and continuing through October 12, 2022, within the District of Oregon, he, and other persons whose identities are known and unknown, did the following:

The conspirators did knowingly and intentionally combine, conspire, confederate, and agree to distribute and possess with the intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule II controlled substance.

In carrying out the conspiracy the defendant, conspiring with others, did the following:

   1. It was part of this conspiracy for the defendant to obtain, including by traveling into Mexico, and transport the controlled substance fentanyl into the District of Oregon for purposes of further distribution.

   2. It was part of this conspiracy for the defendant to possess, process, store, weigh, and package the controlled substance fentanyl within the District of Oregon for purposes of further distribution.

*U.S. v. Dunn, Jr.*, Case No. 3:22-cr-382-MO
Plea Agreement Letter
Page 3

    3.    It was part of this conspiracy for the defendant and others to use fentanyl to manufacture counterfeit M30 pills for purposes of further distribution.

    4.    It was part of this conspiracy for the defendant to distribute the controlled substances fentanyl to other individuals in the District of Oregon and elsewhere for purposes of further distribution.

    5.    It was part of this conspiracy for the defendant and others to maintain premises, including a storage unit, for the purposes of storing, packaging, possessing, manufacturing, and distributing the controlled substance fentanyl.

7.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.    **Relevant Conduct**: The parties agree that defendant's relevant conduct, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), includes approximately 3,318 grams of a mixture and substance containing a detectable amount of fentanyl for an initial **Base Offense Level of 32.**

9.    **"Safety Valve" Adjustment**: If the Court determines that defendant's case satisfies the criteria in 18 U.S.C. § 3553(f), the government will recommend a two-level downward variance to defendant's Sentencing Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a) if defendant is not otherwise eligible for a **two-level reduction** under U.S.S.G. § 2D1.1(b)(18). By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) have been satisfied. If the government makes a two-level variance recommendation as described herein, defendant agrees not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the United States Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to match the language of 18 U.S.C. § 3553(f)(1).

10.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, flees or attempts to flee the jurisdiction of the court, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

*U.S. v. Dunn, Jr.*, Case No. 3:22-cr-382-MO
Plea Agreement Letter
Page 4

11. **Guidelines Calculations are Estimates Only**: The guideline calculations above are set forth as estimates only and the parties understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties. There is no agreement as to the defendant's criminal history or the applicability of any other Sentencing Guideline adjustments.

12. **Sentencing Recommendation**: Pursuant to 18 U.S.C. § 3553(a), based upon defendant's severe medical issues and as long as defendant demonstrates an acceptance of responsibility as explained above, the government will recommend that the Court **impose no more than the low-end of the defendant's advisory sentencing guideline range, to be followed by a term of supervised release.**

The government will support a request for an expedited sentencing in this case.

The government remains open to receiving any additional mitigation evidence the defendant wishes to submit in advance of sentencing that might warrant the government recommending less than the low-end of the advisory sentencing guideline range.

After the defendant is sentenced and after he has exhausted his administrative remedies within the Bureau of Prisons, as long as defendant demonstrates an acceptance of responsibility as explained above, based upon the defendant's severe medical issues which have been litigated at length during prior detention hearings **the government will support a motion for compassionate release.**

13. **Additional Departures, Adjustments, or Variances**:

   A. The **USAO agrees not to seek any upward departures, adjustments, or variances** to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

   B. **Defendant reserves the right to seek a downward departure, adjustment, or variance** from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

   C. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or

U.S. v. Dunn, Jr., Case No. 3:22-cr-382-MO
Plea Agreement Letter
Page 5

rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

14. **Forfeiture of Property**:

   A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, that constitute the proceeds of defendant's criminal activity or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. §§ 841(a)(1) and 846 as set forth in Count 1 of the Indictment.

   B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

   D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

   E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being

U.S. v. Dunn, Jr., Case No. 3:22-cr-382-MO
Plea Agreement Letter
Page 6

resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

    F.    **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

    G.    **Abandonment**: Defendant, in signing this agreement, hereby abandons any and all interest to any of the property seized as part of the investigation that led to these charges, to include the seized firearms.

15.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

16.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

    If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant

U.S. v. Dunn, Jr., Case No. 3:22-cr-382-MO
Plea Agreement Letter
Page 7

fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

NATALIE K. WIGHT
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN
Assistant United States Attorney

## Acceptance of Plea Agreement

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I am satisfied with my counsel's representation. I wish to plead guilty because, in fact, I am guilty.

10/23/23
Date

James Dunn Jr.
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/23/23
Date

Adam Dean
Attorney for Defendant

Revised May 2018